UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS                                           NO. 15-94

THADDEUS RICHARDSON                              SECTION: A(1)

## ORDER

Before the Court is Defendant Thaddeus Richardson's Motion Under 28 U.S.C. § 2255 To
Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. (Rec. Doc. 264). The
Government opposes the Motion. (Rec. Doc. 267). For the reasons that follow, Defendant's motion
is **DENIED**.

I.      **Statement of the Case**

On April 10, 2015, a federal grand jury sitting in the Eastern District of Louisiana returned
a thirty-one count indictment charging the Defendant Thaddeus Richardson with the following:
Count 1: Conspiracy to defraud the United States and to commit mail fraud and theft of public
money in violation of 18 U.S.C. §371; Counts 10 through 16: Theft of public money in violation of
18 U.S.C. § 641 and 2;  and, Count 31: Money laundering conspiracy in violation of 18 U.S.C.
§1956(h). (Rec. Doc. 1). On July 2, 2015, Richardson pled guilty to the indictment as charged
without a written plea agreement.

On October 6, 2015, Richardson was sentenced to a term of 51 months imprisonment, all
counts to be served concurrently, with 18 months to be served consecutive to the sentence imposed
in 2:13-CR-2-I and the remaining 33 months are to be served concurrently to 2:13-CR-2-I.  A
hearing to determine restitution was scheduled for December 15, 2015.  On October 23, 2015, the

1

Government filed an unopposed motion to vacate the restitution hearing, stating that the Government and defendant had agreed that $1,100,764.20 is the amount of restitution that is owed. On October 27, 2015, this Court granted the unopposed motion and issued an amended judgment. However, the defendant requested that his counsel file a motion to withdraw the stipulation which was set for hearing with oral argument on December 8, 2015. A hearing was held and it was determined that the defendant did in fact advise his counsel that he agreed to the restitution amount but he had expected to sign a document formally agreeing to the stipulation. On October 18, 2016, Richardson timely filed the instant § 2255 motion to vacate, set aside, or correct his sentence.

Richardson bases his § 2255 motion alleging ineffective assistance of counsel by his attorney because he did not ask him if he wished to appeal, or explain the advantages and disadvantages of filing a notice of appeal. The defendant requests that the Court vacate his sentence and conduct an evidentiary hearing. (Rec. Doc. 264). The Government opposes Richardson's motion arguing that Richardson's attorney did in fact consult with him multiple times regarding appellate rights, the defendant did not instruct his lawyer to file an appeal and that the defendant received a highly-favorable sentence after pleading guilty without a plea agreement which would not be considered deficient performance. (Rec. Doc. 267). Furthermore, the Government asserts that the defendant is not entitled to an evidentiary hearing because the record conclusively shows that he did not request to file an appeal.

## II.     Legal Standard

To prevail on an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (citing 664 F.2d 56 *Strickland v. Washington*,

466 U.S. 668. 687 (1984)). This reasonableness standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *Id.* (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Conley*, 349 F.3d at 841-42). The United States Court of Appeals for the Fifth Circuit "consider[s] such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *United States v. Seglar*, 37 F.3d 1131, 1136 (5th Cir. 1994). If the defendant makes an insufficient showing on either one of the two prongs of the *Strickland* test the court need not address the other. *Powell v. Owens*, 43 F.3d 670 (5th Cir. 1994) (not published) (citing *Strickland*, 466 U.S. at 697).

As for Richardson's request for an evidentiary hearing, no hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)).

### III.    Discussion

As previously stated, Richardson claims that his attorney was ineffective because he failed to consult with him on the advantages and disadvantages of filing an appeal and failed to consult

with Mr. Richards as to whether he wished to appeal. The Government opposes Richardson's motion arguing that Richardson's attorney did in fact consult with him regarding appellate rights, the defendant did not instruct his lawyer to file an appeal and that the defendant received a highly-favorable sentence after pleading guilty without a plea agreement which would not be considered deficient performance. Furthermore, the Government asserts that the defendant is not entitled to an evidentiary hearing because the record conclusively shows that he did not request to file an appeal.

## IV.   Ineffective Assistance of Counsel

The United States Court of Appeals for the Fifth Circuit has said that once a guilty plea is entered, it waives all non-jurisdictional defects in the proceedings including "all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness related to the voluntariness of the giving of the guilty plea." *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Circ. 1983)).

The Court asserts that the record clearly reflects that Mr. Richardson was advised of his appellate rights by this Court at the rearraignment. Furthermore, Mr. Richardson was advised at sentencing that he had 14 days to file a notice of an appeal, and that he was entitled to assistance of counsel in taking an appeal if he could not afford counsel. Richardson was also informed that if he was unable to afford the filing fee, the Clerk of Court would be directed to accept the Notice of Appeal without such fee. He was also advised that he was entitled to assistance of counsel in taking an appeal, and that if he was unable to afford a lawyer, one would be provided for him. He was advised at sentencing that if he was unable to afford the filing fee, the Clerk of Court would be directed to accept Notice of Appeal without such fee. Finally, Mr. Raspanti provided the Government with an executed declaration which states that he did advise Mr. Richardson of his

appellate rights and Mr. Richardson did not ask Mr. Raspanti to file a notice of appeal. (Rec. Doc. 267-Exhibit 1).

## V.      DEFENDANT WAS NOT PREJUDICED

Mr. Richardson was not prejudiced by any means.  He has not demonstrated that but for counsel's deficient failure to consult with him about an appeal, that he would have appealed.  Even if counsel for Mr. Richardson was ineffective, the fact that his counsel successfully obtained a generous sentence from the Court, which included all but 18 months to run concurrent with an unrelated drug and gun case, an appeal would obviously not have merit.

## VI.     NOT ENTITLED TO AN EVIDENTIARY HEARING

The record conclusively shows that the defendant was advised of his right to appeal and did not request to file an appeal.  Again, it would not have been reasonable to appeal such a favorable sentence.

## VII.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Thaddeus Richardson's Motion to Vacate his conviction under 28 U.S.C. § 2255 (Rec. Doc. 264) is hereby **DENIED**.

New Orleans, Louisiana, this June 6, 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE